FILED
02 JAN 11 PM 2:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 11 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

RANDY JOE DICKERSON and JENNIE )
DICKERSON,                      )
                                )
            Plaintiffs,         )
                                )
vs.                             )   Civil Action No. CV-01-S-3111-NE
                                )
CITY OF HUNTSVILLE, ALABAMA;    )
HUNTSVILLE POLICE               )
DEPARTMENT; JOHN SZAMIER,       )
                                )
            Defendants.         )

## MEMORANDUM OPINION

This action is before the court on defendants' (i) motion for partial summary judgment (doc. no. 7), (ii) motion to dismiss, or alternatively, for more definite statement (doc. no. 6), (iii) motion to dismiss, or alternatively, to strike fictitious defendants (doc. no. 5), and (iv) motion to dismiss certain claims and demands for relief (doc. no. 4). Upon consideration of the motions, briefs, and oral arguments, the court concludes that defendants' motions are due to be granted in part and denied in part.

### I. STATEMENT OF FACTS

Plaintiff Randy Joe Dickerson ("Dickerson") claims that he entered Propst Discount Drugs in Huntsville, Alabama on July 29, 2000, and proceeded toward a counter to pay his telephone bill, a service offered by the drugstore to its customers.[1] While Dickerson was paying his bill, City of Huntsville police officer John Szamier ("Szamier") allegedly approached him from behind and, "without any warning, suddenly, physically, grabbed, assaulted, battered and/or used excessive force" on Dickerson.[2] Specifically, Dickerson claims that Szamier grabbed him from the rear "in

---

[1] Complaint ¶ 8.
[2] *Id.* ¶ 9.

the area of his belt in the middle of his back," jerked and pulled Dickerson backwards, and handcuffed him.[3] Dickerson claims that Szamier then began to yell at him and pull him around the drug store by the handcuffs locked on his wrist.[4] Dickerson alleges that Szamier forcibly detained him until employees of the drug store convinced Szamier to release him.[5]

Dickerson and his wife, Jennie Dickerson, filed suit in the Circuit Court for Madison County, Alabama, and named the City of Huntsville, Alabama, the City of Huntsville Police Department, Szamier, and five fictitious parties as defendants. Plaintiffs allege that Szamier used excessive force in effecting Dickerson's arrest, in violation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.[6] Plaintiffs argue that the arrest was made by Szamier under color of his authority as an employee of the City of Huntsville Police Department, and in violation of 42 U.S.C. § 1983.

Defendants subsequently removed the action to this court, pursuant to 28 U.S.C. § 1441, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. Defendants also rely on 28 U.S.C. § 1367(a), asking the court to assume supplemental jurisdiction over plaintiffs' various state law claims for negligent and wanton supervision, retention, hiring, and training; negligence and wantonness; assault and battery; false arrest and false imprisonment; and, the derivative loss of consortium claim asserted by Dickerson's wife, Jennie Dickerson.[7]

## II. DISCUSSION

**A.     Motion for Partial Summary Judgment Against Defendant City of Huntsville Police Department**

---

[3] *Id.*
[4] *Id.*
[5] *See id.* ¶ 10.
[6] *See id.* at 4.
[7] *See id.* at 6-9.

Defendants seek summary judgment as to plaintiffs' claims against the City of Huntsville Police Department, asserting that the "[Huntsville Police Department] does not have the capacity to be sued,"[8] because the "[Huntsville Police Department] does not have any separate legal existence apart from the [City of Huntsville, Alabama]."[9] Plaintiffs respond that they have not had an opportunity to discern the relationship between the City and its police department, and that the court's consideration of defendants' motion should be delayed to permit discovery.[10]

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City*

---

[8] Brief in Support of Motions at 6.
[9] Motion for Partial Summary Judgment (doc. no. 7), Ex. A (Joffrion affidavit), ¶ 4.
[10] Memorandum in Opposition, (doc. no. 8), at 8-9.

*of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

In order to state a claim cognizable under 42 U.S.C. § 1983, plaintiffs must name defendant entities capable of being sued. *See Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Defendants correctly observe that the capacity of the City of Huntsville Police Department to be sued turns on an interpretation of Alabama law. *See* Fed. R. Civ. P. 17(b); *see also Dean*, 951 F.2d at 1214 (citing Fed. R. Civ. P. 17(b) for the proposition that courts must look to state law to determine whether a police department is subject to suit).

The Eleventh Circuit has recognized that "sheriff's departments and police departments are not usually considered legal entities subject to suit." *Dean*, 951 F.2d at 1214. This is the case in Alabama, where the State's Supreme Court has held that, under Alabama law, a county sheriff's department lacks the capacity to be sued. *See White v. Birch*, 582 So. 2d 1085, 1087 (Ala. 1991); *see also King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993). Federal courts have agreed. *See Russell v. Mobile County Sheriff*, No. Civ. A. 00-0410CBC, 2000 WL 1848470, at *2 (S.D. Ala. Nov. 20, 2000) ("[A]n Alabama sheriff's department is not a legal entity that is subject to being sued.") (citing cases from the Alabama Supreme Court); *see also Mann v. Hillsborough County Sheriff's Office*, 946 F. Supp. 962, 970 (M.D. Fla. 1996) (citing Eleventh Circuit statement that police departments are not generally subject to suit, *Dean*, 951 F.2d at 1214, and citing other cases); *Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996) (acknowledging that the Eleventh Circuit follows the holding that police departments are not subject to suit under § 1983); *Norwood v. City of Hammond*, No. Civ. A. 99-879, 1999 WL 777713, at *3 (E.D. La. Sept. 30, 1999) (stating that federal courts, including Eleventh Circuit in *Dean v. Barber*, consistently dismiss § 1983 claims against police departments because they are nonsuable entities).

This court recognizes that it confronts claims against a municipal police department, rather than a county sheriff's department, as was considered by the Alabama Supreme Court in *White v. Birch*. Even so, the distinction is of no significance. Consequently, the court finds that the City of Huntsville Police Department is not a suable entity, and plaintiffs' claims against the police department are due to be dismissed with prejudice.

**B.      Motion to Dismiss or, Alternatively, for More Definite Statement of Plaintiffs' § 1983 Claims**

In general, a court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[11]

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness*

---

[11] *See also, e.g., Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

*Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Notice pleading is all that is required: that is,

> "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley*, 355 U.S. at 47-48, 78 S.Ct. at 103 (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2).[12] This low bar has been raised, however, with respect to claims based upon 42 U.S.C. § 1983. *See, e.g., GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998).

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [his, her, or] its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out [his, her, or] its claim. ... Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*Id.* at 1367 (citations omitted).

Plaintiffs have brought civil rights claims under 42 U.S.C. § 1983 against a municipality and an individual, Szamier, whom plaintiffs have sued in his individual and official capacities.[13] In their claim against the City, plaintiffs state merely that it is responsible for the "policies, practice and

---

[12] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted).

[13] Complaint at 2.

6

customs" of Szamier.[14]

Defendants respond that this statement is insufficient to meet heightened § 1983 pleading requirements, arguing that the Supreme Court's decision in *Board of County Commissioners of Bryan County, Oklahoma v. Brown* requires "a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). Defendants have taken this decision out of context, however; *Brown* required a plaintiff to identify such customs or policies in terms of the *merits of an action* under § 1983, *rather than in the context of the adequacy of a plaintiff's pleadings*. *See id.* at 404, 117 S.Ct. at 1388 (requiring plaintiff to demonstrate a causal link between the municipal action and the deprivation of rights, and declining to permit plaintiff to merely identify conduct attributable to the municipality, thus requiring plaintiff to demonstrate that municipality was a "moving force" behind the injury).

Indeed, the Supreme Court has made it clear that "a federal court may [not] apply a 'heightened pleading standard' — more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure — in civil rights cases alleging municipal liability under ... 42 U.S.C. § 1983." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). The *Leatherman* Court instructed federal courts to use the mechanisms of summary judgment and discovery to "weed out unmeritorious claims," and affirmed that notice pleading is proper for claims of municipal liability under § 1983. *See id.* at 168, 113 S.Ct. at 1163. The Court emphasized that

> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of*

---

[14] *Id.* ¶ 4.

7

*what the plaintiff's claim is and the grounds upon which it rests."*
*Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163 (emphasis supplied) (quoting *Conley*, 355 U.S. at 47, 78 S.Ct. at 103). *But see Fullman v. Graddick*, 739 F.2d 553, 563 (11th Cir. 1984) (requiring plaintiff to "identify the 'City's policy or custom which deprived him of his constitutional rights,' and finding city not liable under § 1983 where plaintiff fails to do so).

Even so, the plaintiffs in *Leatherman* alleged the particular type of custom or policy that supplied the basis of Tarrant County's municipal liability. *Leatherman*, 507 U.S. at 165, 113 S.Ct. at 1161 (noting that plaintiffs stated that basis of municipal liability was failure of defendants to adequately train police officers). Plaintiffs here have alleged only that the "violation of [Dickerson's constitutional rights was caused by implementation of a custom, policy, or act of defendants."[15] Plaintiffs must at least put the City of Huntsville *on notice* of the particular custom or policy alleged to have caused plaintiffs' injury. *See Leatherman*, 507 U.S. at 168, 113 S.Ct. at 1163.

The Eleventh Circuit requires that a plaintiff be afforded an opportunity to amend when it appears that a more adequately pled complaint might state a claim that would survive a motion to dismiss. *See, e.g., Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) ("Where a more carefully drafted complaint might state a claim upon which relief could be granted, the district court should allow the plaintiff [an opportunity] to amend the complaint rather than dismiss it.") (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff *must be given at least one chance to amend* the complaint before the district court dismisses the action with prejudice.") (emphasis supplied)). Accordingly, this court finds that defendants' motion to dismiss in this regard is denied, but nevertheless instructs plaintiffs to replead their claims against the City of Huntsville under § 1983.

---

[15] Complaint ¶ 15.

This pleading requirement changes when, as here, a plaintiff's complaint implicates a § 1983 claim against a person in his individual capacity, and a qualified immunity defense has been asserted.[16] The Eleventh Circuit requires district courts to impose a heightened pleading standard in such circumstances. *See GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stating that the Eleventh Circuit follows a heightened pleading rule when § 1983 claims are asserted against government officials in their individual capacities). As the appellate court observed in *Oladeinde v. City of Birmingham*: "[W]e want to use this opportunity to repeat that, 'in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims, we, and other courts, have tightened the application of Rule 8 to § 1983 cases.'" 963 F.2d 1481, 1485 (11th Cir. 1992) (quoting *Arnold v. Board of Education of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989)).

Szamier unquestionably has interposed the defense of qualified immunity as a bar to plaintiffs' claims against him in his individual capacity.[17] Consequently, plaintiffs' complaint must "state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Oladeinde*, 963 F.2d at 1485 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Plaintiffs' claim is adequate in this respect: plaintiffs allege that Szamier used "physical force which was clearly excessive in light of the circumstances existing at the time of the arrest and/or detention."[18] The complaint further details plaintiffs' claims that the arrest and detention were unlawful, and in violation of Dickerson's rights guaranteed by the Fourth and Fourteenth Amendments.[19] Accordingly, plaintiffs' complaint is

---

[16] *Id.* ¶ 3.
[17] Answer (doc. no. 3), at 10.
[18] Complaint ¶ 13.
[19] *Id.* ¶ 14.

properly pled as to Szamier, and defendants' motion in this regard is due to be denied.

### C.     Motion to Dismiss, or Alternatively, to Strike Fictitious Defendants

Plaintiffs have named five fictitious defendants, defendants A through E, in addition to the City, its police department, and Szamier. Plaintiffs' claims against these fictional parties are due to be stricken, because, as defendants correctly observe,[20] there is no provision for fictitious party practice under federal law or rules of procedure. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (noting that plaintiff "conceded that fictitious party practice is not permitted in federal court and, thus, her failure to name the parties required that the court strike the parties"); *Murray v. Sevier*, 50 F. Supp. 2d 1257, 1280 (M.D. Ala. 1999) ("no provision for fictitious party practice under federal law"); *Wiggins v. Risk Enterprise Management Limited*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) ("[T]here is no fictitious party practice in the Federal Courts."); *Floyd v. Allstate Insurance Company*, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998) ("[T]he fictitious Defendants named in Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law."); *McCree v. Sam's Club*, 159 F.R.D. 572, 574 n.1 (M.D. Ala. 1995) ("there is no provision for fictitious party practice under federal law"); *Weeks v. Benton*, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any ... federal statute."); Federal Rule of Civil Procedure 10.

### D.     Motion to Dismiss Certain Claims and Demands for Relief

Plaintiffs' complaint states claims for "Negligent/Wanton Supervision, Rentention, Hiring, and Training," and "Negligence/Wantonness."[21] Defendants contend that plaintiffs are not permitted

---

[20] Motion to Dismiss (doc. no. 5), ¶ 3.

[21] Complaint at 6-7.

to maintain claims against the City for wantonness, and argue that Alabama law will not permit such actions to lie against a municipality.[22] This court agrees, and finds that plaintiffs' claims in this regard are due to be dismissed.

The Alabama Supreme Court has interpreted Alabama statutory law to find that the liability of municipalities, and *specifically* the City of Huntsville, is "limited to injuries suffered through 'neglect, carelessness or unskillfulness.'" *Hilliard v. City of Huntsville*, 585 SO. 2d 889, 892 (Ala. 1991) (citing *Neighbors v. City of Birmingham*, 384 So. 2d 113 (Ala. 1980), and quoting Code of Alabama § 11-47-190 (1975)). Wanton misconduct does not come within this limitation. "'Wantonness' has been defined by the [Alabama Supreme] Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. *McDougle v. Shaddrix*, 534 So. 2d 228 (Ala. 1988)." *Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994) (per curiam) (quoting *Stone v. Southland National Insurance Corp.*, 589 So. 2d 1289, 1292 (Ala. 1991)). The *Hilliard* Court dismissed a plaintiff's claim of wantonness against the City of Huntsville, because enabling plaintiffs to bring claims for wanton conduct "would expand the statute beyond its plain meaning." *Id.* at 893; *see also Town of Loxley v. Coleman*, 720 So. 2d 907, 909 (Ala. 1998); *Scott v. City of Mountain Brook*, 602 So. 2d 893, 894 (Ala. 1992); *see also, e.g., Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1214 (M.D. Ala. 2000) (interpreting § 11-47-190 to mean that wantonness claims must be dismissed against municipality, and citing cases); *Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1365 (M.D. Ala. 2000) (same). Consequently, plaintiffs' claims against the City for wanton conduct are impermissible under Alabama law, and are due to be dismissed.

---

[22] Brief in Support at 4.

Plaintiffs also seek punitive damages from defendants in each of their six claims.[23] Defendants argue that settled law prevents plaintiffs' demand for punitive damages from the City of Huntsville.[24] This court agrees.

The Supreme Court and the Eleventh Circuit have held clearly that punitive damages may not be awarded against a municipality in a § 1983 action. *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263, 101 S.Ct. 2748, 2758, 69 L.Ed.2d (1981) (explaining that courts traditionally viewed punitive damages awarded against municipality as "contrary to sound public policy" because taxpayers and citizens were burdened); *Healy v. Town of Pembroke Park*, 831 F.2d 989, 991 (11th Cir. 1987) (citing *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Newport*, 453 U.S. at 247, 101 S.Ct. at 2748). Alabama statutory law is in accord, and states that "[p]unitive damages may not be awarded against the State of Alabama or any county or municipality thereof...." Code of Alabama § 6-11-26 (1975); *see also Carson v. City of Prichard*, 709 So. 2d 1199, 1206 (Ala. 1998) (reversing punitive damage award against city because § 6-11-26 will not permit such awards against municipalities). Consequently, plaintiffs' claims for punitive damages against the City of Huntsville are due to be dismissed.

In summary, defendants' motions are due to be granted in part, and denied in part. An appropriate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 11th day of January, 2002.

_____
United States District Judge

---

[23] Complaint at 6-9 (Ad Damnum clauses).
[24] Brief in Support at 5.